IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENDREW WILSON,

                                Plaintiff,

v.

BROOKE STEINGRAEBER,

                                Defendant.

OPINION and ORDER

24-cv-787-jdp

---

Plaintiff Kendrew Wilson, proceeding without counsel, alleged that defendant Brooke Steingraeber, a correctional officer at Columbia Correctional Institution (CCI), used excessive force on him. Dkt. 1. I allowed Wilson to proceed on an Eighth Amendment excessive force claim against Steingraeber. Dkt. 8.

Steingraeber moves for summary judgment, contending that Wilson has failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). Dkt. 18. I will grant the motion and dismiss Wilson's claim. I will deny as moot Wilson's motion for summary judgment on the merits.

BACKGROUND

I allowed Wilson to proceed against Steingraeber based on the allegation that, in November 2023, Steingraeber kneed him in the groin twice. Dkt. 8 at 2–3. Wilson filed two relevant inmate complaints: CCI-2023-17991 and CCI-2024-10616.

In the initial '17991 complaint, which was received on November 22, 2023, Wilson raised two issues: (1) Steingraeber assaulted him by kneeing him in the groin; and (2) Wilson wished to press charges on Steingraeber for that conduct. *See* Dkt. 20-2 at 9. That day,

M. Leiser of the Institution Complaint Examiner's Office returned the initial '17991 complaint because: (1) it contained more than one clearly identified issue; and (2) Wilson failed to provide proof that he followed the chain of command to attempt to resolve his complaint. *See id.* at 7. Leiser instructed Wilson resubmit his complaint after attempting informal resolution, and to provide documentation showing that he completed that task. *See id.*

The second '17991 complaint was received on December 1, 2023. *Id.* at 6. Wilson wrote that Steingraeber assaulted him by kneeing him in the groin. *Id.* Wilson also wrote that he attempted to resolve his issue with Unit Manager Olson, but he did not explain what steps he took. *Id.* The same day, the institution complaint examiner, R. Sedevic, rejected the complaint, finding that Wilson failed to submit evidence that he followed the chain of command to attempt to resolve his issue. *See id.* at 2. Sedevic also found that Wilson failed to provide sufficient information to support his complaint pursuant to Wis. Admin. Code DOC § 310.10(6)(d). Prison records state that, on December 4, 2023, Sedevic sent Wilson the rejection along with instructions on how to appeal it. *See id.* at 2–3; Dkt. 20-3 at 1. Wilson did not appeal.

The '10616 complaint was received nearly eight months later on July 16, 2024. Dkt. 20-3 at 8. Wilson wrote that he was unaware that the '17991 complaint had been rejected. *Id.* Institution Complaint Examiner T. Plath rejected the '10616 complaint for the same reasons that Sedevic rejected the '17991 complaint, concluding that Wilson did not provide sufficient information to support his complaint. *See id.* at 2. Wilson appealed the rejection, contending that he had good cause for not appealing the rejection of the '17991 complaint because he was not notified of that result. *See id.* at 17, 19. The reviewing authority approved Plath's rejection. *Id.* at 5.

## PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "The exhaustion requirement's primary purpose is to alert the state to the problem and invite corrective action." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Id.*

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA.") The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We take a strict compliance approach to exhaustion." (alteration adopted)). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The Department of Corrections (DOC) maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. After the prisoner has sought to resolve his issue informally, he must file a complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. *See* Wis. Admin. Code DOC § 310.07(1)–(2). The complaint must, among other requirements, "[p]rovide relevant supporting documentation." *Id.* § 310.07(3)(f). Similarly, a "complaint must contain sufficient information for the [DOC] to investigate and decide the complaint." *Id.* § 310.07(6). An

3

institution complaint examiner may reject a complaint if the prisoner fails to "provide sufficient information to support a complaint." Wis. Admin. Code DOC § 310.10(6)(d).

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

ANALYSIS

Leiser rejected the '17991 complaint because Wilson didn't provide evidence showing that he tried to informally resolve his issue. Leiser instructed Wilson to resubmit his complaint after attempting informal resolution, but Sedevic found that in the resubmitted complaint, Wilson still failed to submit evidence showing that he completed that task. Sedevic then rejected the '17991 complaint on the ground that Wilson failed to meet § 310.10(6)(d)'s requirement to submit enough evidence to support it.

Wilson now contends, as he did in the '10616 complaint, that he had good cause for failing to timely appeal the rejection of the '17991 complaint because he did not receive notification of that result. Any dispute over whether Wilson received notification of the closing of the '17991 complaint is immaterial. Sedevic rejected the '17991 complaint because Wilson did not attempt informal resolution and failed to submit evidence to support that complaint. Those are required procedures that Wilson failed to follow. *See Conyers*, 416 F.3d at 585 ("[A] procedural shortcoming . . . amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming."). In making the '10616 complaint, Wilson didn't dispute Sedevic's original finding that he had failed to follow the requirement that he submit evidence to support his complaint. And Wilson doesn't dispute that now in his brief in opposition.

4

Wilson also contends that Plath's rejection of the '10616 complaint is procedurally irregular because Plath wrote that the '17991 complaint "was closed on 10/01/2023." Dkt. 20-3 at 2. This is clearly a typo; Plath meant to write that the '17991 complaint was closed on December 1, 2023. *See id.*; Dkt. 20-2 at 2. There is no evidence that Plath rejected the '10616 complaint for any improper motive; he rejected it because Wilson did not correct the deficiencies in the original '17991 complaint and the '17991 complaint was properly closed.

The evidence shows that Wilson failed to exhaust all available administrative remedies. I will grant Steingraeber's motion and dismiss Wilson's claim against her without prejudice.

That leaves Wilson's pending motions. I will deny as moot Wilson's motion for summary judgment on the merits, which he spreads across several documents. *See* Dkts. 23–25 and 27. Wilson's motion to support his brief in opposition, Dkt. 26, is unnecessary, because he was entitled to submit an opposition. But I'll grant the motion because I accepted and considered his brief.

ORDER

IT IS ORDERED that:

1. Defendant Brooke Steingraeber's motion for summary judgment on exhaustion grounds, Dkt. 18, is GRANTED. Plaintiff Kendrew Wilson's Eighth Amendment excessive force claim against Steingraeber is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. Wilson's motion for summary judgment on the merits, *see* Dkts. 23–25 and 27, is DENIED as moot.

3. Wilson's motion to submit a brief in opposition, Dkt. 26, is GRANTED.

4. The clerk of court is directed to enter judgment and close the case.

Entered September 15, 2025.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge

Case: 3:24-cv-00787-jdp   Document #: 36   Filed: 09/15/25   Page 6 of 6