IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENDREW WILSON,

                               Plaintiff,

   v.                                                           OPINION and ORDER

BROOKE STEINGRAEBER,                              24-cv-787-jdp

                              Defendant.

---

KENDREW WILSON,

                               Plaintiff,

   v.                                                           OPINION and ORDER

MICHAEL BRAND and KEVIN GARCEAU,          24-cv-788-jdp

                               Defendants.

---

KENDREW WILSON,

                               Plaintiff,

   v.                                                           OPINION and ORDER

KEVIN PITZEN and AMBER DAVIS,                 25-cv-251-jdp

                               Defendants.

---

      Plaintiff Kendrew Wilson, proceeding without counsel, alleges in case no. 24-cv-788-jdp that defendant Michael Brand used excessive force on him at Columbia Correctional Institution (CCI). Wilson brings an Eighth Amendment excessive force claim against Brand. CCI's warden, Kevin Garceau, was added as a nominal defendant to facilitate service of process on Brand. Wilson is proceeding without counsel in each of the cases captioned above. This opinion and order deals with interrelated matters in these three cases.

Wilson engaged in disruptive and abusive conduct at a teleconference in the '788 case, even though the court had previously informed him of his duty to treat the court with respect. The court reminded Wilson of this duty after the teleconference, but Wilson later filed an identical motion in each captioned case that contained disdainful and insulting language. Wilson has willfully abused the judicial process and violated court orders, so I will dismiss the '788 case with prejudice as a sanction. I will also dismiss case no. 25-cv-251-jdp with prejudice because Wilson failed to amend his complaint as required and did not show a basis to reconsider my order to amend, and I will impose a strike in that case under 28 U.S.C. § 1915(g). Finally, I will deny Wilson's motions to reconsider my order dismissing case no. 24-cv-787-jdp based on failure to exhaust administrative remedies; Wilson has not explained any basis to reconsider that ruling.

BACKGROUND

In my order allowing Wilson to proceed against Brand in the '788 case, I informed Wilson that the court expected the parties to treat each other and the court with respect. Dkt. 8 in the '788 case, at 5. I cautioned Wilson that any abusive or threatening comments or conduct could result in sanctions, including entry of judgment against the offending party. *Id.* The same day, in the '787 case, I allowed Wilson to proceed against defendant Brooke Steingraeber on an Eighth Amendment excessive force claim that arose from a separate incident at CCI. Dkt. 8 in the '787 case. Wilson received the same instruction and warning in the '787 case. *Id.* at 5.

In the '788 case, after Garceau was added as a nominal defendant, Magistrate Judge Anita Marie Boor scheduled a telephonic preliminary pretrial conference with Wilson and Bradley Soldon, counsel for Garceau.

That teleconference was rocky. Wilson started interrupting Judge Boor at the outset, and his conduct grew more hostile and discourteous. Wilson made numerous impudent, demeaning, and profane remarks. *See* Dkt. 19. Some of Wilson's remarks were outright obscene (e.g., "Suck a dick, bitch" and "I don't want to take turns with that penis"). *Id.* at 15, 20. Wilson also challenged Judge Boor's authority several times (e.g., "You're not my judge," "I don't care about your scheduling," "You're just a preliminary judge, counsel."). *Id.* at 4, 11. After the teleconference, Judge Boor reminded Wilson that the parties must treat each other and the court with respect, and that any abusive conduct or comments could result in sanctions, including dismissal. Dkt. 18 in the '788 case.

The next month, in the '251 case, I dismissed Wilson's complaint because he failed to state a plausible claim for relief, and I gave him 30 days to amend the complaint to fix that problem. Dkt. 7 in the '251 case. Later that month, I granted Steingraeber's motion for summary judgment on exhaustion grounds in the '787 case, dismissing and closing that case. Dkt. 36 in the '787 case.

Wilson filed three motions for reconsideration in the '788 and '251 cases, and two such motions in the '787 case. The first motion in each case is identical. The basis for Wilson's identical motion is not clearly articulated, but he asks the court to "retry [each of his] cases." Dkt. 31 in the '788 case. Wilson writes: "I state this with the most calm tone, you pity, poor, pestilence; filthy animal." *Id.* In several of his motions, Wilson contends that I am biased against him, have retaliated against him, or both.

3

ANALYSIS

I take a moment to address Wilson's assertion of bias and retaliation. A federal statute, 28 U.S.C. § 455(a), requires me to recuse myself "in any proceeding in which [my] impartiality might reasonably be questioned." I have a duty to recuse when presented with valid reasons, but I also have a duty to refuse recusal when justification is lacking. *N.Y. City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986). Unfavorable legal rulings are not a reason for my recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

My unfavorable legal rulings, which I based on objective legal considerations, don't show any bias or retaliatory animus against Wilson. Wilson's groundless allegations of bias and retaliation don't warrant recusal or any other relief.

I turn to the issue of sanctions. A district court has inherent authority to impose sanctions, including dismissal, if a party willfully abuses the judicial process or otherwise conducts litigation in bad faith. *See Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018); *White v. Williams*, 423 F. App'x 645, 646 (7th Cir. 2011). This power is particularly broad if the bad faith conduct occurs within the presence of the court, and it is "at its pinnacle . . . when contumacious conduct threatens a court's ability to control its own proceedings." *Fuery*, 900 F.3d at 463–64. To impose sanctions, the court must make a finding of "bad faith, designed to obstruct the judicial process, or a violation of a court order." *Id.* at 463. The sanction of dismissal may be appropriate if a party "challenge[s] the district court's authority or level[s] vitriol . . . against the court." *White*, 423 F. App'x at 647.

Here, Wilson has willfully abused the judicial process and violated the court's orders. I explained to Wilson in my screening orders in the '787 and '788 cases that he must treat the court with respect. Wilson then obstructed the telephonic preliminary pretrial conference by

4

repeatedly interrupting Judge Boor, challenging her authority, and unleashing a barrage of childish, disdainful, and vulgar remarks. After the call, Judge Boor reminded Wilson of his duty to treat the court with respect, but his abusive conduct did not end there. In response to unfavorable court rulings, Wilson wrote that he sought reconsideration "with the most calm tone, you pity, poor, pestilence; filthy animal." That disdainful and insulting remark shows Wilson's persistent willful disobedience, obstruction of the judicial process, and refusal to follow court's orders.

Wilson contends that the First Amendment protects his speech, suggesting that the court cannot sanction him no matter what he says. *See* Dkt. 19 in the '788 case, at 21 ("I can say whatever I want to say under the First Amendment."); Dkt. 31 in the '788 case ("I state this with the most calm tone . . . . Under the [First] Amendment Free Speech[,] which you violated."). Wilson "may generally have the First Amendment right to use abusive language out in the world at large, but that does not protect him from consequences in this court, which demands that litigants remain respectful of each other and the court." *Divelbiss v. Kneubuhler*, No. 23-cv-258-jdp, 2025 WL 977599, at *1 (W.D. Wis. Mar. 28, 2025).

Based on Wilson's willful abuse of the judicial process and violation of court orders, I will dismiss the '788 case with prejudice. No lesser sanction would suffice here. A financial sanction would be ineffective because Wilson is proceeding without prepayment of the filing fee. *See Rivera v. Drake*, 767 F.3d 685, 687 (7th Cir. 2014). Another non-financial sanction would not be appropriate in view of the egregiousness of Wilson's conduct and his blatant disregard of repeated instructions to treat the court with respect. *Cf. Fuery*, 900 F.3d at 463–64.

I will also dismiss with prejudice the '252 case, in which Wilson seeks reconsideration of my order to amend the complaint, and I will impose a strike in that case under § 1915(g).

That disposition is appropriate because Wilson did not amend the complaint or show any good-faith basis to seek reconsideration of that order. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("[W]hen . . . the plaintiff is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff."). Lastly, I will deny Wilson's motions for reconsideration in the '787 case because he has shown no error in my determination that he failed to exhaust administrative remedies.

Wilson is again reminded of his duty to treat other parties and the court with respect. He is cautioned that any further abusive, threatening, or disruptive comments or conduct will result in additional sanctions, including dismissal of any pending cases and a bar on filing cases in this district.

ORDER

IT IS ORDERED that:

1. Case no. 24-cv-788-jdp is DISMISSED with prejudice as a sanction based on willful abuse of the judicial process and violation of court orders. All pending motions in the '788 case are DENIED as moot.

2. Case no. 25-cv-251 is DISMISSED with prejudice based on failure to state a plausible claim for relief. A strike is to be recorded against Wilson in the '251 case.

3. The motions for reconsideration in the '787 and '251 cases are DENIED, and the motions for reconsideration in the '788 case are DENIED as moot.

4. The clerk of court is directed to enter judgment in the '788 and '251 cases and to close those cases.

Entered January 23, 2026.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge